EDWARD F. APPLEGATE, DEFENDANT IN ERROR, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 7, 1906—Decided November 19, 1906.

1. Plaintiff alleged in his declaration that the defendant propelled one of its cars on a public highway in a negligent manner, and with such speed and noise as to cause plaintiff's horse to become unmanageable, whereby plaintiff was injured. At the close of the plaintiff's case there was proof that the plaintiff's horse took fright at the noise made by defendant's car. There was also proof that after the frightened condition of the horse had become apparent by his behavior the trolley car followed up the frightened horse at a high rate of speed for several city blocks until the horse became unmanageable and wrecked the wagon. *Held*, that assuming that plaintiff's testimony failed to show that the noise at which his horse took fright was due to any negligence on the part of the defendant, the further circumstances were such as to render the allegation as to speed a pertinent inquiry for the jury on the question of the defendant's negligence, and that the motion to nonsuit was properly denied.

2. In response to a request of the defendant to the trial court to charge the jury that "there must be positive proof that the car made an unusual noise," the court charged as requested with the addition of the words, "or some other misconduct on the part of the defendant making them negligent." *Held*, that the jury will be deemed to have applied this instruction to the case in hand, and that thus limited it was not injurious to the defendant.

On error to the Atlantic Circuit Court.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *George A. Bourgeois.*

The opinion of the court was delivered by

GARRISON, J. This is an action for damages for personal injuries. The declaration is that the defendant operated one of its trolley cars along a public highway in such a negligent manner and with such speed and noise as to cause a horse driven by the plaintiff to become unmanageable and to run away, whereby the plaintiff was thrown to the ground and injured. At the close of the plaintiff's case defendant moved for a nonsuit, and the denial of this motion is assigned as a ground for reversal. The bill of exceptions sealed upon the denial of this motion displays the plaintiff's testimony as to the sort of noise the trolley car was making at the time his horse became frightened, and also his testimony that after the frightened condition of the horse had became apparent by his behavior the trolley car continued to follow up the frightened horse at a high rate of speed, which was kept up for several city blocks, during which the horse became manifestly unmanageable and ran away. In view of this line of testimony, which was strictly within the declaration, it is, for present purposes, entirely immaterial whether the noise at which the horse took fright was of itself a ground of actionable negligence. If it be assumed that the plaintiff failed to sustain the allegation of his declaration respecting the defendant's negligence in causing a noise that frightened his horse, there remained the other allegation touching the matter of speed, under which it was incumbent upon the plaintiff to show at the trial the circumstances that rendered the speed of the defendant's car a negligent act injurious to him as a user of the common highway, for it is obvious that a rate of speed that under one set of circumstances would be entirely proper would under altered conditions be highly culpable. The circumstances bearing upon this branch of his case adduced by the plaintiff were that as the defendant's car came up his horse

showed signs of fright and began to run; that this was between New Jersey and Connecticut avenues; that the car followed the running horse at a high rate of speed, keeping just behind the horse, which was manifestly becoming unmanageable; that between Massachusetts and Rhode Island avenues the swingletree broke and the wagon was pulled by the lines for more than a block, until, when near Mount Vernon avenue, one of the lines snapped and the wagon was run into a fireplug, the car meanwhile having followed close behind until it rounded a curve at Rhode Island avenue and disappeared. For the purpose of ruling upon the motion of nonsuit these were the established facts, and whatever inference of culpable negligence a jury could legitimately draw from them the trial court was required to draw. It seems, therefore, too plain for extended discussion that the court rightly refused to direct a nonsuit. It is only by laying sole stress upon the failure of the plaintiff to make out a case of actionable noise and ignoring the case he had made out respecting actionable speed that this assignment can be seriously pressed, but it must be obvious that if a plaintiff who attempts to show that a defendant was negligent in two respects succeeds as to one his failure as to the other is of no sort of consequence upon a motion to nonsuit.

A more serious question is presented with respect to the action of the trial court upon defendant's request to charge, "There must be positive proof that the car made an unusual noise and that this frightened the horse." This request the court did not refuse to charge, the response of the court being as follows: "I charge you that there must be positive proof that there was an unusual noise by the car going at a high rate of speed or some misconduct on the part of the defendant company making them negligent before there can be a recovery." An exception was taken to this language and error has been assigned thereon. The refusal to charge the request as preferred was clearly proper. The plaintiff was not obliged to furnish positive proof of anything. The responsive charge of the court, taken as an isolated proposition,

cannot be approved, for it failed to limit the misconduct for which the defendant could be found negligent to matters brought before the jury by the proofs, but in its actual setting the instruction could give rise to no misconception. The jury, the counsel and the court were all engaged in a trial made up of proofs of specific acts touching the noise made by the defendant's car and the speed of the car under specified circumstances. Whatever, therefore, counsel said to the court, or the court said in response thereto to the jury, must primarily be deemed to have reference to the case in hand, and not to some totally alien state of facts; hence, when the jury was told that proof of some unusual noise or of some other misconduct was required, they would naturally apply the latter clause to the only other misconduct that had been testified to, to wit, the speed at which the trolley car followed up the frightened horse. In this light, which is that in which an appellate court regards such incidents of a trial, there was no injurious error in the language under criticism, even though the criticism itself be valid as an abstract proposition.

The plaintiff in error has argued several assignments based upon exceptions to rulings upon the admission of questions and refusal to strike out answers that were matters of discretion with the trial court. These arguments have been considered, and the bills themselves examined, for the purpose of seeing whether there was oppressive abuse of the discretion reposed in the trial court. Nothing of the sort, however, appears, and hence these assignments disclose no ground for reversal.

Finding no reversible errors in any of the points presented, the judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 14.

*For reversal*—None.